IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> *ex rel.* JACK FORTENBERRY ) <br> ) <br>         **Plaintiff/Relator,** ) <br> ) <br> v. ) <br> ) <br> (1) THE HOLLOWAY GROUP, INC., ) <br> an Oklahoma Corporation; ) <br> (2) WILLIS HOLLOWAY, JR., M.D.; ) <br> (3) JANET SCOTT; and ) <br> (4) SOUTHERN OKLAHOMA ) <br> TREATMENT SERVICES, INC., ) <br> an Oklahoma Corporation; ) <br> ) <br>         **Defendants.** ) | Case No. CV-11-247-R |

## ORDER

Before the Court is the Motion for Summary Judgment filed by Defendants The Holloway Group, Inc., Willis Holloway, Jr., and Janet Scott. Doc. No. 105. For the following reasons, this motion is DENIED in part and GRANTED in part.

This *qui tam* action was originally filed on March 8, 2011, and the United States elected not to intervene on June 4, 2012. One month later, Plaintiff filed a redacted Complaint asserting claims against Defendants based upon their alleged fraudulent activity. Then on October 31, 2012, Plaintiff filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Western District of Oklahoma. Notably, while Plaintiff failed to list this suit as an asset on Schedule B in his bankruptcy petition, Plaintiff did list this suit on the Statement of Financial Affairs in his petition. After the trustee found that

no property was available to distribute to his creditors, Plaintiff received a discharge in his Chapter 7 bankruptcy on March 12, 2013.

Based upon Plaintiff's failure to list this suit on Schedule B of his bankruptcy petition, Defendants now argue that they are entitled to summary judgment due to Plaintiff's purported lack of standing and the doctrine of judicial estoppel. Defendants also argue that they are entitled to summary judgment with regard to Plaintiff's separate common law claims for unjust enrichment and payment by mistake both because these claims cannot properly be brought by Plaintiff on behalf of the United States, and also because these equitable claims are improper due to the existence of an adequate remedy at law under the False Claims Act.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 561 F.2d 202, 204 (10th Cir. 1977) (citations omitted). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Defendants first argue that they are entitled to summary judgment based upon Plaintiff's failure to list this suit as an asset on Schedule B of his bankruptcy petition. According to Defendants, Plaintiff's failure to list this suit on Schedule B means that the bankruptcy trustee could not have abandoned the suit from the bankruptcy estate, which

in turn means that the suit is still property of the bankruptcy estate. Thus, Defendants argue that Plaintiff lacks standing to pursue this action, and also that Plaintiff should be judicially estopped from pursuing this action.

As previously mentioned, Plaintiff did fail to list this suit on Schedule B of his bankruptcy petition. Despite this, Plaintiff listed the suit on the Statement of Financial Affairs in his petition. Consequently, the Court must determine whether Plaintiff properly disclosed this suit to the bankruptcy trustee such that the suit was abandoned by the trustee.

Under § 554(c) of the Bankruptcy Code, property "scheduled under section 521(a)(1)" is considered abandoned to the debtor if it is not administered by the trustee at the time of the closing of the bankruptcy case. Courts appear to be split with regard to whether "scheduled under section 521(a)(1)" refers to: (1) all disclosures required in § 521(a)(1), including the schedule of assets and liabilities and the statement of the debtor's financial affairs; (2) only disclosures made on schedules; or (3) only disclosures made on the schedule of assets and liabilities. *See In re Hill*, 195 B.R. 147, 149 (Bankr. D. N.M. 1996).

While some courts interpret the language of § 554(c) to refer only to the disclosures made on schedules in the bankruptcy petition, *see, e.g.*, *In re Fossey*, 119 B.R. 268, 272 (D. Utah 1990); *In re Schmid*, 54 B.R. 78, 80 (Bankr. D. Or. 1985), the Court finds it more appropriate to read § 554(c)'s language more broadly. In other words, the Court finds that the "scheduled" requirement in § 554(c) refers to all of the

disclosures required in § 521(a)(1), including the debtor's statement of financial affairs.[1] *See Hill*, 195 B.R. at 149-151.

In his bankruptcy petition, Plaintiff listed this suit on his Statement of Financial Affairs under the section titled "Suits and administrative proceedings, executions, garnishments and attachments." The Statement of Financial Affairs is one of the disclosure obligations under § 521(a)(1) of the Bankruptcy Code. Therefore, Plaintiff properly disclosed this suit to the trustee, and by virtue of § 554(c), this suit was abandoned by the trustee as of the time Plaintiff's bankruptcy case was closed. It follows that Defendants' Motion for Summary Judgment is DENIED with regard to their standing and judicial estoppel arguments.

Defendants also argue that they are entitled to summary judgment with regard to Plaintiff's common law claims for unjust enrichment and payment by mistake, and the Court agrees. "A relator in a *qui tam* FCA action does not have standing to assert common law claims based upon injury sustained by the United States." *United States ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F.Supp.2d 10, 14 (D. D.C. 2003) (citing *United States ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*, 152 F.Supp.2d 443, 451-52 (S.D.N.Y. 2001); *United States ex rel. Walsh v. Eastman Kodak Co.*, 98 F.Supp.2d 141, 149 (D. Mass. 2000); *United States ex rel. Long v. SCS Bus. & Tech.*

---

[1] It seems rather formalistic to bar this suit based upon an interpretation of the use of the word "scheduled" in § 554(c). Indeed, the courts that have held that § 554(c) refers only to disclosures listed on schedules in the bankruptcy petition, rather than all of the disclosures required under § 521(a)(1), appear to misinterpret the statute. This is because the disclosures required in § 521(a)(1) include things other than schedules, such as the debtor's statement of financial affairs. If § 554(c) contemplated abandonment only when property is disclosed on schedules, then it would need to say so. For instance, § 554(c) could say that property is only abandoned when it is scheduled pursuant to § 521(a)(1)(B)(i)—the provision dealing with the debtor's schedule of assets and liabilities. But it does not say this, and the Court will not read words into the statute that do not exist.

*Inst.*, 999 F.Supp. 78, 92 (D. D.C. 1998), *rev'd on other grounds*, 173 F.3d 870 (D.C. Cir. 1999)). Plaintiff's Complaint states that his common law claims for unjust enrichment and payment by mistake are claims "by the United States." *See* Doc. No. 13, at 18-19. Further, Plaintiff's Complaint indicates that the claims are based upon injury to the United States, and requests that money be returned to the United States based upon this alleged injury. *See* Doc. No. 13, at 18-19. This forecloses Plaintiff's assertion in his response brief that these claims were brought due to financial injury to Plaintiff himself, as they clearly were not. Therefore, Defendants' Motion for Summary Judgment is GRANTED with regard to Plaintiff's claims for unjust enrichment and payment by mistake.[2]

Accordingly, Defendants' Motion for Summary Judgment is DENIED in part and GRANTED in part. While Defendants are entitled to summary judgment with regard to Plaintiff's common law claims for unjust enrichment and payment by mistake, Plaintiff's remaining claims survive.[3]

IT IS SO ORDERED this 21st day of July, 2014.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] As the Court is granting Defendants' request for summary judgment based upon Plaintiff's lack of standing to assert these common law claims, the Court declines to address Defendants' alternative argument that these equitable claims are improper due to an adequate legal remedy being available under the False Claims Act.

[3] This Order has no effect on Plaintiff's claims against Defendant Southern Oklahoma Treatment Services, Inc., as Defendant has not joined in the present motion.