IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>*ex rel.* JACK FORTENBERRY, )<br> )<br>Plaintiff/Relator, )<br> )<br>vs. )<br> )<br>(1) THE HOLLOWAY GROUP, INC., )<br>an Oklahoma corporation; (2) WILLIS )<br>HOLLOWAY, JR., M.D.; (3) JANET SCOTT; )<br>and (4) SOUTHERN OKLAHOMA )<br>TREATMENT SERVICES, INC., an Oklahoma)<br>corporation; )<br> )<br>Defendants. ) | Case No.: CIV 11-247 R |

**JOINT MOTION FOR STAY OF TRIAL DATE AND PRETRIAL FILINGS
AND BRIEF IN SUPPORT**

COME NOW the parties, pursuant to Fed. R. Civ. P. 6, and jointly move this court to stay the current trial date of March 10, 2015, along with the pretrial pleadings due on March 1, 2015. In support of this motion the parties state that the United States Bankruptcy Court for the Western District of Oklahoma is currently considering who is the proper party to pursue the *qui tam* claim currently pending before this court. If the Bankruptcy Court determines that the Bankruptcy trustee is the proper party to pursue the *qui tam* claim, then the proper parties are not currently before this court. The defendant cannot negotiate with the attorney for Mr. Fortenberry in this litigation, because the Bankruptcy trustee has made the claim that Fortenberry is unlawfully pursuing this claim which involves property of the

-1-

Bankruptcy estate. Mr. Fortenberry and his attorney are reluctant to pursue this matter, because the Bankruptcy trustee claims all right to any proceeds in this matter, and the trustee has asked for an injunction prohibiting relator from pursuing or negotiating settlement in this matter. The parties, therefore, move this court to stay this matter, pending the determination of the Bankruptcy court regarding who is the proper party relator in the *qui tam* action pending before this court.

## TIMELINE

1. On July 23, 2014, the bankruptcy trustee for the Estate of Jack Fortenberry obtained an order to reopen the bankruptcy claiming a right of action in the *qui tam* case pending before this Court actually belongs to the bankruptcy estate. See Exhibit 1, Order Reopening Estate.

2. On September 18, 2014, the Trustee filed a Motion to Turn Over Property of the Estate. *See* Exhibit 2, Motion to Turn Over Property of the Estate.

3. On November 5, 2014, The Court overruled the Trustee's Motion but held that a boda fide dispute exists and encouraged an adversary action to establish that such property is the property of the estate. *See* Exhibit 3, Order.

4. On November 6, 2014, This Court set a new trial date allowing additional time for the bankruptcy issue to be determined. Unfortunately, that has not yet been resolved.

5. On December 2, 2014, the Trustee filed the Adversary Proceeding. *See* Exhibit 4, Docet Sheet for Adversary Proceeding 14-01121.

6. On the same date, the Trustee filed an Emergency Application for Preliminary Injunction which was set for hearing on December 12, 2014. *See* Exhibit 4.

7. On December 12, 2014, the above Application for Injunction was heard before the Bankruptcy Court. The Court held that no settlement funds would be disbursed by the settling Defendants and no applications for attorneys fees will be filed until the merits of the adversary action is concluded. *See* Exhibit 5, Journal Entry.

8. At the hearing on December 12, 2014, the Bankruptcy Court raised serious concerns about the issue of who held right to the *qui tam* claim. The Judge stated that in previous cases, she has ruled that listing litigation on the statement of financial affairs is not sufficient if it's not disclosed in the schedules. The Judge further expressed that she felt

> "very, very, very strongly about that because if the debtor knows he has an interest in litigation or is involved in litigation. . . . He knew he had an interest and to not disclose it on the schedules is an intentional decision when you've already listed it on the statement of financial affairs. I feel very strongly about that."

*See* Exhibit 6, Transcript of December 12, 2014 hearing, page 8, lines 1-9.

9. On February 2, 2015, the Trustee filed a Motion for Summary Judgment in the adversary action. *See* Exhibit 4.

10. On February 9, 2015, the Bankruptcy Court set a trial date for the adversary proceeding to begin on July 7, 2015. *See* Exhibit 7, Scheduling Order.

11. On February 11, 2015, Mr. Fortenberry's bankruptcy counsel moved to withdraw

from the case citing a conflict between she and Mr. Fortenberry. She also requested additional time for Mr. Fortenberry to respond to the Motion for Summary Judgment either by obtaining new counsel or continuing *pro se*. Mr. Fortenberry would need to file his response to the Motion for Summary Judgment on or before March 3, 2015, just one day before our docket call in this case, currently set for March 4, 2015. *See* Exhibit 8, Motion to Withdrawal. Therefore, it is unlikely that the Bankruptcy Court will rule on the Motion for Summary Judgment prior the the docket call in this case, and perhaps not before the current trial setting.

## ARGUMENT AND AUTHORITIES

It is appropriate for this court to grant the requested stay of the trial and filing deadlines until it is determined whether the Bankruptcy trustee or Fortenberry is the proper party relator in this action. If the court were to go forward in this action without the Bankruptcy trustee being represented, the Trustee's rights and interests would be impaired. Under Fed. R. Civ. P. 19 (a) (1) (B), it appears the Bankruptcy trustee would be a proper party requiring joinder, if the Bankruptcy court rules in favor of the Bankruptcy trustee. The absence of a proper party plaintiff is grounds for granting a continuance. Davis v. Operation Amigo, Inc., 378 F.2d 101(10th Cir.1967). The granting of continuances and the allowance of amendments to pleadings are within the sound discretion of the trial court and should be freely granted as justice requires. Ziegler v. Akin, 261 F.2d 88, 90 (10th Cir. 1958)

The current parties would be prejudiced if the trial date and deadlines are not stayed.

Relator and relator's counsel would be required to expend time and expense on a case for which they may receive no compensation. The defendant would be forced to try the case without possibility of settlement, because at this time no one can enter negotiations to settle this matter. Defendant has expressed a desire to explore the possibility of settlement in this matter, but has been unable to engage Relator or the Trustee in any significant manner due to the uncertainty of the claims.

Furthermore, the Court's time will be preserved by a stay in this matter. Going forward in this matter with an improper party, if so determined, would waste the court's time by requiring rehashing of matters and actions taken by an improper party. Judicial economy justifies a continuance.

## PREVIOUS EXTENSIONS AND EFFECT ON DEADLINES

There has been one extension of trial and deadlines granted by the court. Thereafter, there was one extension of a dispositive motion deadline, and an extension of a witness and exhibit list deadline. Thereafter, summary judgment was granted, then rescinded in part, and the Court reinstated a trial date and deadlines. The current trial date is March 10, 2015, and the trial filings are due on March 1, 2015. No additional discovery is requested.

A stay of the trial date and current deadlines would have the effect of staying all deadlines until after the Bankruptcy court determines whether the Bankruptcy trustee is the proper party plaintiff in this matter. A ruling on this matter should take place on or before July 7, 2015.

All parties have discussed and agree to this motion.

**RELIEF REQUESTED**

The parties request a stay of the trial and a stay of all deadlines including trial filings until a ruling is received from the United States Bankruptcy Court for the Western District of Oklahoma in case #12-15384, Adversary No. 14-01121 determining whether the Bankruptcy Trustee in that case is the proper party plaintiff to pursue the property in question in Fortenberry v. The Holloway Group, Inc., CIV 11-247-R pending in federal district court for the Western District of Oklahoma.

Respectfully submitted,

s / Kari A. Hawthorne

_____
KARI A. HAWTHORNE, OBA # 21211
JAMES M. WEBSTER, OBA # 22448
JOHNSON HANAN AND VOSLER
Chase Tower, Suite 2750
100 N. Broadway Avenue
Oklahoma City, OK 73012
Telephone: (405) 232-6100
Facsimile: (405) 232-6100
E-Mail: khawthorne@johnsonhanan.com
E-Mail: jwebster@johnsonhanan.com
ATTORNEYS FOR THE HOLLOWAY
GROUP, INC., WILLIS HOLLOWAY,
JR, M.D.; JANET SCOTT

And

s/ Daniel Gamino

_____
DANIEL GAMINO

Jamestown Office Park, North Building
3035 NW 63rd St., Suite 214
Oklahoma City, OK 73116
Telephone: (405) 840-3741
Facsimile: (405) 840-3744
E-Mail:dgamino@coxinet.net
ATTORNEY FOR
RELATOR/PLAINTIFF

CERTIFICATE OF SERVICE

    I hereby certify that on February 13, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel Gamino
Jamestown Office Park, North Building
3035 NW 63rd St., Suite 214
Oklahoma City, OK 73116
Telephone: (405) 840-3741
Facsimile: (405) 840-3744
E-Mail:dgamino@coxinet.net
ATTORNEY FOR RELATOR/PLAINTIFF

                                                    s / Kari A. Hawthorne

_____